# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARY PRATT; KAHYRIYYAH LUQMAN,
        *Plaintiffs-Appellants,*

            and

JOYCE MCIVER,

                    *Plaintiff,*       No. 02-1294

            v.

ALLTEL CAROLINA, INCORPORATED, an
affiliate of Alltel,
            *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-99-444-3-MU)

Submitted: August 13, 2002

Decided: September 24, 2002

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Geraldine Sumter, FERGUSON, STEIN, CHAMBERS, WALLAS, ADKINS, GRESHAM & SUMTER, P.A., Charlotte, North Carolina, for Appellants. Patricia E. Dowds, Richard L. Rainey, WOMBLE,

CARLYLE, SANDRIDGE & RICE, P.L.L.C., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary Pratt and Kahyriyyah Luqman appeal the district court's order granting summary judgment in favor of ALLTEL Carolina, Inc. ("ALLTEL") on their racial discrimination claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002). We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs, the joint appendix, the supplemental joint appendix, and the district court's order. We find the district court properly concluded Pratt failed to establish that ALLTEL's legitimate, nondiscriminatory reason for not offering her a customer service representative supervisor position was a pretext for racial discrimination. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). We also find the district court properly determined Luqman failed to establish a prima facie case of racial discrimination because she did not establish that she was qualified for a supervisory position in ALLTEL's Charlotte Call Center. *Id.* We therefore affirm on the reasoning of the district court. *See Pratt v.*

*ALLTEL Carolina, Inc.*, CA-99-444-3-MU (W.D.N.C. Feb. 15, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*